# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cr-0028-TWP-VTW |
| | ) | |
| CARLOS SHELTON, | ) - | 01 |
| TERRANCE BRASHER, | ) - | 07 |
| BRANDY GUM, | ) - | 11 |
| | ) | |
| Defendants. | ) | |

## ENTRY ON GOVERNMENT'S SANTIAGO PROFFER

The Government has filed under seal, a *Santiago* proffer. ([Filing No. 526](#)). Rule 801(d)(2)(E) of the Federal Rules of Evidence provides that statements by co-conspirator's made during the course and in furtherance of the conspiracy is not hearsay excluded under Rule 802. When a statement of a co-conspirator which would otherwise have been regarded as hearsay is proffered, a preliminary question arises under Rule 104 of the Federal Rules of Evidence. Rule 104 requires a preliminary determination by the trial judge as to the admissibility of the declaration of a co-conspirator. Under Rule 104 the competence of a co-conspirator declaration justifying its admissibility depends upon whether or not the existence of the conspiracy has been sufficiently established by independent evidence, and whether under Rule 801(d)(2)(E) the declaration was made during the course and in furtherance of the conspiracy.

The trial judge retains the option of conditionally admitting the co-conspirator declaration evidence before the conspiracy has been independently established, but subject to the subsequent fulfillment of that critical condition. The standard to be applied during this competency determination is, "…if it is more likely than not that the declarant and the defendant were members of a conspiracy

1

when the hearsay statement was made, and that the statement was in furtherance of the conspiracy, the hearsay is admissible." *Unites States v. Santiago,* 582 F.2d 1128 (7th Cir. 1978).

The Defendants have filed no objections to the *Santiago* proffer. The Court has reviewed the proffer in detail. The Government's proffer sets forth a coherent and facially plausible story that does not, at the present time, appear to be contradicted by extrinsic evidence. See *United States v. Brookins*, 52 F.3d 615, 623 (7th Cir. 1995). The Governments proffer provides sufficient evidence to convince the court by a preponderance of the evidence that (1) a conspiracy existed, (2) the defendants and other declarants were members of the conspiracy, and (3) the statement(s) sought to be admitted were made during and in furtherance of the conspiracy. See *United States v. Cox*, 923 F.2d 519 (7th Cir. 1991).

Thus, the Court finds the proffer is sufficient for present purposes. The co-conspirator statements summarized by the Government in its proffer are hereby conditionally admitted pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence at the trial of this matter, subject to the Defendants' right to later object if the proffered evidence does not materialize. Further, nothing in this Order precludes the Court's ability to divert from these preliminary findings based on evidence produced at trial.

SO ORDERED:

Date: 5/23/2017

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brian K. Darling
BRIAN K. DARLING
confederateyankeester@gmail.com

John Andrew Goodridge
JOHN ANDREW GOODRIDGE LAW OFFICE
jagoodridge@jaglo.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

David S. Mejia
DAVID MEJIA LAW OFFICE
david@dmejialaw.com